### COSTON v. MORRIS.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. REFERENCE—CONSENT TO ORDER—WAIVER OF OBJECTIONS.
　　Where an order of reference is consented to as a condition of securing an adjournment of an action, objection cannot afterwards be made that the order was improper.

2. ASSUMPSIT—SERVICES RENDERED.
　　Where plaintiff sold a rocket gun to defendant, and attended a trial of the gun, at the request of defendant, and there was no agreement that such service should be gratuitous, plaintiff was entitled to recover therefor.

Appeal from circuit court, Richmond county.

Action by William F. Coston against Benjamin F. Morris, to recover for services rendered by plaintiff in manufacturing a rocket gun and rockets for life-saving purposes. The defendant alleged that the price charged therefor was excessive, and not in accordance with a written estimate given to him before he ordered the goods. He also denied plaintiff's right to recover for services rendered in attending a trial of the rocket gun, and contended that an order of reference was not proper. From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Geo. W. Blunt, for appellant. William M. Mullen, for respondent.

PRATT, J. The decision of the referee was as favorable to defendant as the case permitted. The price of goods was adopted in accordance with the written estimate, and not according to the inflated valuation of the plaintiff. It is not denied that plaintiff attended the trials of the gun at defendant's request, and it is not claimed that there was any agreement that the services should be gratuitous. No different value was suggested for that service than the one testified to by plaintiff, which we cannot say was exorbitant. The reference was assented to by defendant as a condition of postponement of the trial, and the order thereupon made was regular. Judgment affirmed, with costs. All concur.